*451 Tbe opinión of tbe Court was delivered by
Clover, J.
Tbe action is brought by tbe State of South Carolina, for tbe benefit of tbe administrator and adminis-tratrix of Thomas Lumpkin, against tbe defendant, late sheriff of Fairfield District, on bis official bond, to recover tbe difference between tbe price bid at a sale and a re-sale of a tract of land, levied upon and sold as tbe property of Thomas ‘Lumpkin, in bis lifetime. •
Tbe statement copied into tbe report from 9 Eicb. 443, with tbe additional evidence introduced on tbe second trial, furnishes all tbe important facts in tbe case, and upon which a verdict was rendered for tbe plaintiff. Many questions have been submitted for consideration, growing out of tbe defendant’s grounds of appeal; but tbe decision of tbe case must depend upon tbe enquiry, Has any breach of tbe defendant’s official bond been established, by which- Thomas Lumpkin sustained damage.
It is argued, that tbe defendant, as sheriff, and by virtue of a fi. fa. against Thomas Lumpkin, levied upon and sold a tract of land as bis property, and tbe terms of tbe sale not having been complied with, be failed to re-sell at tbe risk of tbe defaulting purchaser, either on that or on tbe next succeeding sale day, as tbe Act of 1839 (11 Stat. 26, Sec. 58,) directs, and that be is liable for tbe damages which have resulted from this neglect. In excuse of this alleged default,
• tbe defendant proved, that tbe judgment creditors of Thomas Lumpkin agreed, before tbe sale in February, 1844, to give time to tbe purchaser at sheriff’s sale; it being understood that W. L. Pickett was to be tbe purchaser, at - not less than twenty-six hundred dollars: and Mr. M’Dowell is certain that tbe credit allowed to tbe purchaser extended beyond tbe ■sale day succeeding tbe sale. A postponement of tbe re-sale of tbe land was, therefore, at tbe instance of tbe judgment creditors, and was justified by tbe provisions of tbe Act of 1839. W. L. Pickett having failed to comply,-the land was *452 advertised by tbe defendant for re-sale in November, 1844, at tbe risk of tbe defaulting purchaser; but as bis official term bad expired a few days before, Cockrell, bis successor in office, re-sold tbe land, when W. L. Pickett becoming tbe purchaser at two thousand dollars, and not complying, Cock-rell again re sold in February, 1845, to Mobley, for eight hundred and thirty-five dollars, who complied with tbe terms of sale and received titles. From these subsequent proceedings, if irregular, what liability has tbe defendant incurred? If tbe judgment creditors extended tbe time for a re-sale, be did not violate tbe law by tbe delay; and tbe two re-sales were conducted by bis successor in office, Cockrell. But if by bis default, tbe alleged breach of defendant’s bond bad been established, can tbe legal representatives of Thomas Lumpkin recover? On tbe 2d March, 1843, and before a sale by tbe sheriff, Thomas Lumpkin, in consideration of five thousand dollars, conveyed this land in fee to A. F. Lumpkin, who held it subject to no other lien except a judgment in favor of Troy Lumpkin, which was fully satisfied on tbe 1st May, 1844, and therefore long before tbe first re-sale. What title or interest bad Thomas Lumpkin in tbe land after be bad conveyed to A. F. Lumpkin? Tbe satisfaction of tbe only judgment which bound it before any title was made to Mobley, would seem to protect him against any damages for a breach of bis warranty, and it may admit of grave doubt, if tbe re-sale and purchase by Mobley have divested tbe title of A. F. Lumpkin. We do not, however, propose to investigate or decide upon tbe rights of persons not parties to tbe suit, nor does tbe occasion require us to ascertain tbe liability of any other than tbe defendant. As all tbe judgments against Thomas Lumpkin were satisfied by tbe defendant before November, 1844, except tbe one in favor of Johnston, which was paid from tbe proceeds of tbe re-sale to Mobley, tbe rights of creditors are not before tbe Court.
*453 Tbe proof in this case bas not established tbe legal liability of tbe defendant, and as a verdict for tbe plaintiff would be without evidence to support it, tbe defendant’s motion for a non-suit is granted.
Motion granted.
O’Neall, WhitNee, and Muneo, JJ., concurred.

Motion granted.